# UNITED STATES DISTRICT COURT

for the
District of Arizona

| | |
|---|---|
| United States of America<br>v.<br>Maria Isabel Santiago-De La Luz,<br>a.k.a.: Maria Santiago De La Luz,<br>(A201 035 143)<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Case No. 17-328 MJ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 10, 2017, in the County of Maricopa, in the District of Arizona, the defendant violated Title 8, U.S.C. § 1326(a), a felony, and Title 8, U.S.C. § 1325(a)(2) a class B misdemeanor, an offense described as follows:

**See Attachment A Incorporated By Reference Herein**

I further state that I am a Deportation Officer.

This criminal complaint is based on these facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein**

REVIEWED BY: SAUSA Brett Day for AUSA Ryan Powell

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Marcus Leggett,
Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 11, 2017

_____
*Judge's signature*

City and state: Phoenix, Arizona

Michelle H. Burns,
United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Count 1

On August 10, 2017, Maria Isabel Santiago-De La Luz, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near San Luis, Arizona on or about July 1, 2011, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), a felony.

### Count 2

On August 10, 2017, at or near Phoenix, in the District of Arizona, Maria Isabel Santiago-De La Luz, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2), a class B misdemeanor.

# STATEMENT OF PROBABLE CAUSE

I, Marcus Leggett, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Deportation Officer with United States Immigration and Customs Enforcement (ICE). I have learned from direct participation in the investigation and from the reports and communications of other agents and officers the facts recited herein.

2. On August 10, 2017, while following a lead provided from the Arizona Department of Motor Vehicles, the Phoenix ICE Fugitive Operations Team (FOT) encountered Maria Isabel Santiago-De La Luz at 3838 N. Central Avenue, in Phoenix, Arizona. At the scene, ICE FOT officers interviewed Santiago-De La Luz and determined her to be a citizen of Mexico, illegally present in the United States. On the same day, Santiago-De La Luz was transported to the Phoenix ICE office for further investigation and processing. Santiago-De La Luz was held in administrative custody until her criminal and immigration records could be obtained and her identity confirmed.

3. Immigration history checks revealed Maria Isabel Santiago-De La Luz to be a citizen of Mexico and a previously deported criminal alien. Santiago-De La Luz was removed from the United States to Mexico through San Luis, Arizona, on or about July 1, 2011, pursuant to an order of removal issued by an immigration official. There is no record of Santiago-De La Luz in any Department of Homeland Security database to suggest that she obtained permission from the Secretary of the Department

of Homeland Security to return to the United States after his removal. Santiago-De La Luz's immigration history was matched to her by electronic fingerprint comparison.

4. Furthermore, there is no record of Maria Isabel Santiago-De La Luz in any Department of Homeland Security database to suggest that after his last removal from the United States he entered into the United States at an official Port of Entry. Had Santiago-De La Luz presented herself at a Port of Entry, Department of Homeland Security records likely would reveal that information. Accordingly, your affiant believes that Santiago-De La Luz entered the United States at a location not designated as an official Port of Entry, and thereby eluded examination and inspection by Immigration Officers of the United States. Santiago-De La Luz's immigration history was matched to her by electronic fingerprint comparison.

5. On August 10, 2017, Maria Isabel Santiago-De La Luz was advised of her constitutional rights. Santiago-De La Luz freely and willingly acknowledged her rights and declined to make a statement.

6. For these reasons, this affiant submits that there is probable cause to believe that on or about August 10, 2017, Maria Isabel Santiago-De La Luz, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near San Luis, Arizona, on or about July 1, 2011, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a) and on August 10, 2017, at or near Phoenix, in the District of Arizona, Maria

Isabel Santiago-De La Luz, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2).


Marcus Leggett,
Deportation Officer,
Immigration and Customs Enforcement


Sworn to and subscribed before me
this 11th day of August, 2017.

Michelle H. Burns,
United States Magistrate Judge